# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO VALENCIA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent. | Case No. 1:13-cv-1864-LJO-SMS (HC)<br><br>ORDER STRIKING UNEXHAUSTED CLAIM<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>[Doc. 1]<br><br>ORDER DIRECTING PETITIONER TO FILE STATUS REPORT |

Petitioner Luis Alberto Valencia ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

The Court refers to the following facts as background only. To the extent that Petitioner provided certain facts only in his prior (dismissed) habeas petition, Petitioner is reminded that a pleading must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**State Court Proceedings**

On September 7, 2010, a jury convicted Petitioner of first degree murder (Cal. Penal Code § 187) and kidnapping to extract any valuable thing (§ 209(a)). The jury also found that the murder was committed in the commission or attempted commission of kidnapping (§ 190.2(a)(17)(B)) and during the commission or attempted commission of torture (§ 190.2(a)(18)). The jury also found that Petitioner personally used a firearm (§ 12022.53(b)).

1

On May 2, 2012, the California Court of Appeal, Fifth Appellate District, affirmed the judgment and sentence. On June 13, 2012, Petitioner filed a Petition for Review with the California Supreme Court (S203268). The petition was denied on the merits on August 8, 2012.

**Prior Petition (1:12-CV-01783-LJO-GSA)**

On October 31, 2012, Petitioner filed a petition in District Court regarding these convictions. *See* 1:12-CV-01783-LJO-GSA. On April 3, 2013, Respondent filed a motion to dismiss for failure to exhaust state remedies regarding Petitioner's third claim, alleging a jury instruction error. Petitioner filed an opposition on April 29, 2013, wherein he requested a stay of the proceedings to permit him to exhaust this claim. On May 15, 2013, the Magistrate Judge issued Findings and Recommendations, which the Court adopted on June 25, 2013.

The Court did not find good cause to stay Petitioner's case, and it dismissed his petition without prejudice. The Court found that his petition was "simply premature." Relying in part on Petitioner's representation that his one-year period under AEDPA would lapse on November 8, 2013, the Court explained: "This is not a case where the petitioner has discovered a new claim on the eve of the expiration of the limitations period and files a protective federal petition. By Petitioner's calculations, he still has nearly seven months remaining."

**Instant Petition (1:13-cv-1864-LJO-SMS)**

On August 13, 2013, Petitioner served a petition for writ of habeas corpus in the California Supreme Court, for the purpose of exhausting his jury instruction claim. *See* Verification and Proof of Service, Doc. 1 at 19. Petitioner has provided this as an exhibit in his instant federal petition, which he filed before this Court on November 18, 2013.

Along with this petition, he has concurrently filed a motion to stay the petition and hold it in abeyance pending exhaustion of his state remedies. He explains that he is still awaiting a decision from the California Supreme Court on his state habeas petition, and expresses concern that if the filing is found to be procedurally defective, then his petition may not be tolled and he may be unable to file in federal court.

He also gives two reasons for his original failure to exhaust. First, he "miscommunicated with his appeals counsel" and was not aware that his attorney had not presented the claim to the

2

Supreme Court. Second, his prison's law library has a variety of inadequacies. He says he did not learn that his attorney had omitted the jury instruction claim until Respondent made its motion to dismiss his prior petition on April 3, 2013. He now states (contrary to his prior petition) that his deadline to file his federal petition was August 8, 2013. Doc. 1 at 8.

## DISCUSSION

### Limitations Period

If Plaintiff's deadline under the Antiterrorism and Effective Death Penalty Act ("AEDPA") was in fact August 8, 2013, then then this petition would be time-barred. However, as explained below, the limitation for Petitioner did not lapse until November 2013 (as Petitioner asserted in his prior petition).

Under 28 U.S.C. § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See Wixom v. Washington,* 264 F.3d 894, 897 (9th Cir.2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. *Wixom,* 264 F.3d at 897 (quoting *Smith v. Bowersox,* 159 F.3d 345, 348 (8th Cir.1998), *cert. denied,* 525 U.S. 1187 (1999)).

Here, the California Supreme Court denied review of petitioner's appeal on August 8, 2012. The time to seek direct review ended ninety days later, on November 6, 2012, when the period to seek writ of certiorari with the United States Supreme Court expired. Thus, the one-year limitations period would have elapsed not in August 2013 but rather in November 2013. Petitioner's current petition is thus timely.

**Stay and Abeyance**

A court may stay a petition and hold it in abeyance pursuant to either *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), or *Rhines v. Weber*, 544 U.S. 269 (1995). See *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). *Kelly* and *Rhines* set out different procedures and impose different requirements for imposing a stay.

Under *Rhines*, a court may stay a "mixed" petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines*, 544 U.S. at 277. This procedure "eliminates entirely any limitations issue with regard to the originally unexhausted claims." *King*, 564 F.3d at 1140–41. By contrast, under *Kelly*, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. *Id*. (citing *Kelly*, 315 F.3d at 1070-71). Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. *Id*. Because the *Kelly* procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal petition later, the *Kelly* procedure does not protect a petitioner's unexhausted claims from untimeliness. *Id*.

The Supreme Court articulated three pre-conditions to stay of a mixed petition pursuant to *Rhines*: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the petitioner engaged in intentionally dilatory tactics. *Rhines*, 544 U.S. at 278. The *Kelly* procedure, which has remained available after *Rhines*, does not require a showing of good cause. *King*, 564 F.3d at 1140. However, even under the *Kelly* procedure, the court may deny a request for stay and abeyance if the new claims cannot be added to the existing habeas petition after they are exhausted in state court. *Id*. at 1141.

*Rhines* does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed

4

for "cause" to excuse a procedural default. See, e.g., *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S. at 416-17.

However, in *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he, like the petitioner in this case, was "under the impression" that his counsel had raised all the issues before the state court of appeal. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in 'limited circumstances.' " *Wooten,* 540 F.3d at 1024. For this reason, the Court finds that the alleged misunderstanding between Petitioner and his attorney do not supply good cause.

Petitioner also claims that he was hindered by problems with his prison's law library. These too do not amount to good cause, at least in these circumstances. Petitioner acknowledges that he knew his claim had not been exhausted no later than April 2013. Yet he did not file a claim for the purpose of exhausting this claim until August 2013. Nothing that Petitioner offers regarding the prison library would have required a delay of four months, particularly considering that Petitioner had success during this time in filing an opposition in his prior case.

Thus, Petitioner is not eligible for a *Rhines* stay, because he cannot show that there was good cause for his failure to exhaust. However, Petitioner's unexhausted claim—improper jury instruction—is at least facially meritorious. Under the *Kelly* procedure Petitioner should have the opportunity to proceed without his unexhausted claim. Rather than require Petitioner to file an amended petition, the Court will strike the unexhausted claim (claim three). The Court will then stay the instant action to allow Petitioner to exhaust the deleted claim in state court.

**CONCLUSION AND ORDER**

Accordingly, it is ORDERED that:

1) Petitioner's motion for stay (Doc. 1) is granted as follows:

    a) The unexhausted claim in the petition (claim three) is stricken pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), and

    b) the instant action, with only claims one and two remaining, is administratively stayed pursuant to *Kelly* and *King*.

2) Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this Order advising the Court of the status of his state court petition.

3) Petitioner is DIRECTED to file a new status report every ninety (90) days thereafter.

4) Within 30 days of the California Supreme Court issuing a final order resolving Petitioner's unexhausted claim, Petitioner is DIRECTED to file a motion to lift the stay, along with an amended habeas petition containing all exhausted claims.

The Court will then examine this amended complaint according to its screening standards. Petitioner is again reminded that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). An amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Petitioner is forewarned that failure to comply with this Order will result in the stay being vacated by the Court, *nunc pro tunc* to the date of this Order, and the petition being dismissed without prejudice for failure to exhaust all claims but with leave to file an amended petition. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). Such a dismissal may adversely affect the timeliness of the petition in relation to the one year statute of limitations under AEDPA.

IT IS SO ORDERED.

Dated: **January 8, 2014**          **/s/ Sandra M. Snyder**
                                                  UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28