# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO VALENCIA,<br><br>            Petitioner,<br><br>   v.<br><br>CONNIE GIPSON, Warden,<br><br>           Respondent. | Case No. 1:13-cv-01864-LJO-SMS  HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PETITIONER'S SECOND GROUND FOR RELIEF |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner first filed a petition on November 18, 2013.[1]  On January 9, 2014, the Court struck Petitioner's unexhausted claim and granted Petitioner's motion for a stay and abeyance.

Following the California Supreme Court's denial of his pending state petition, Petitioner filed an amended petition on July 31, 2014.  He asserts three grounds for relief: (1) denial of his right to a speedy trial in violation of the Sixth Amendment to the U.S. Constitution; (2) admission of the uncorroborated testimony of a co-defendant in violation of California state law and the Sixth

---

[1] Petitioner also filed an earlier petition that was dismissed for failure to exhaust state remedies.  *See Valencia v. Gipson*, 1:12-cv-01783-LJO-GSA HC.

1

and Fourteenth Amendments to the U.S. Constitution; and (3) administration of flawed and incomplete jury instructions in violation of the Fourteenth Amendment to the U.S. Constitution. Because the second ground does not state a legally cognizable claim, the undersigned recommends that the Court dismiss it.

## DISCUSSION

### Screening of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no cognizable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### Ground Two: Uncorroborated Witness Testimony

As stated above, in ground two, Petitioner contends that the admission of the uncorroborated testimony of his accomplice, Vasquez, in violation of California state law, violated Petitioner's due process rights under the sixth and fourteenth amendments to the U.S. Constitution. California Penal Code § 1111 provides, "A conviction can not [*sic*] be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."  Section 1111 defines an accomplice "as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

///

2

The alleged lack of corroboration for Vasquez's testimony does not raise any federal constitutional concerns cognizable in federal habeas review.  "The Fourteenth Amendment does not forbid a state court to construe and apply its laws with respect to the evidence of an accomplice."  *Lisenba v. California*, 314 U.S. 219, 227 (1941).  Although California law generally requires that accomplice testimony be corroborated,[2] corroboration of accomplice testimony is not mandated by the federal constitution.  *See United States v. Augenblick*, 393 U.S. 348, 352 (1969) ("When we look at the requirements of procedural due process, the use of accomplice testimony is not catalogued with constitutional restrictions."); *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000) ("As a state statutory rule, and to the extent that the uncorroborated testimony is not incredible or insubstantial on its face, [Section 1111] is not required by the Constitution or federal law." (internal quotations omitted)); *United States v. Lopez*, 803 F.2d 969, 973 (9th Cir. 1986) ("The uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face."); *Odle v. Calderon*, 884 F.Supp. 1404, 1418 (N.D.Cal. 1995) ("[C]orroboration of accomplice testimony is not a federal constitutional requirement.").

The mere fact that California law may have been violated in connection with an accomplice's testimony does not warrant federal habeas relief.  Accordingly, the Court should dismiss ground two.

## RECOMMENDATION

The undersigned hereby recommends that ground two, alleging the trial court's admission of the uncorroborated testimony of Petitioner's accomplice, be dismissed from the petition for writ of habeas corpus.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule

---

[2] California Penal Code § 1111 "does not render uncorroborated accomplice testimony inadmissible."  *In re Mitchell P.*, 22 Cal.3d 946, 950 n. 2 (1978).  Instead, the statute requires that a conviction be based on more than uncorroborated accomplice testimony.  *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000).

1  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

2  California.  Within thirty (30) days after being served with a copy, Petitioner may file written

3  objections with the Court, serving a copy on all parties.  Such a document should be captioned

4  "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review

5  the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that

6  failure to file objections within the specified time may waive the right to appeal the District Court's

7  order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

8

9

10  IT IS SO ORDERED.

11  Dated:   **August 20, 2014**                 **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28