# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO VALENCIA,<br><br>Petitioner,<br><br>v.<br><br>CONNIE GIPSON, Warden,<br><br>Respondent. | Case No. 1:13-cv-01864-LJO-SMS  HC<br><br>ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner first filed a petition on November 18, 2013.[1]  On January 9, 2014, the Court struck Petitioner's unexhausted claim and granted Petitioner's motion for stay and abeyance.

Following the California Supreme Court's denial of his pending state petition, Petitioner filed an amended petition on July 31, 2014.  He asserted three grounds for relief: (1) denial of his right to a speedy trial in violation of the Sixth Amendment to the U.S. Constitution; (2) admission of the uncorroborated testimony of a co-defendant in violation of California state law and the Sixth and Fourteenth Amendments to the U.S. Constitution; and (3) administration of flawed and incomplete jury instructions in violation of the Fourteenth Amendment to the U.S. Constitution.

---

[1] Petitioner also filed an earlier petition that was dismissed for failure to exhaust state remedies.  *See Valencia v. Gipson*, 1:12-cv-01783-LJO-GSA HC.

The matter was referred to United States Magistrate Judge Sandra M. Snyder pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.  On August 20, 2014, after screening the petition, the Magistrate Judge filed findings and recommendations recommending that the Court dismiss the second ground since it did not state a legally cognizable claim.

The Clerk of Court served the Petitioner with the findings and recommendations, which provided that he could object within thirty days.  The order mailed to Petitioner was returned to the Clerk as undeliverable.  Petitioner neither filed objections nor provided the Court with a new address.  The Court adopted the findings and recommendations on October 28, 2014.

Local Rule 183 required Petitioner to advise the Court of a change of address within 63 days.  When Petitioner did not do so, the Magistrate Judge recommended that the case be dismissed without prejudice for failure to prosecute.  In this instance, the copy of the findings and recommendations that the Clerk mailed to Petitioner's last known address was successfully delivered.  On November 24, 2014, Petitioner advised the Court that his address had not changed and that he could not explain why the copy of Document 19 was not delivered to him.   Petitioner requested that the Court set aside the order adopting the findings and recommendations (Doc. 20) and reopen the time in which he may comment on the findings and recommendations (Doc. 19).

The Court vacated the October 28, 2014 Order Adopting Findings and Recommendations and reopened the comment period provided for the August 20, 2014 findings and recommendations recommending the dismissal of count two of the petition (Doc. 19) for thirty (30) days.  When the Clerk of Court attempted to serve petitioner with copies of the order and the August 20, 2014 findings and recommendations (Doc. 19) at his address as shown on the docket, however, the mail was returned as undeliverable since Petitioner's name and prison number did not match.[2]

///

---

[2] Although the Court was not required to do so, it consulted the inmate locator service of the California Department of Corrections and Rehabilitation.  Petitioner had provided the identification number associated with an inmate having a different name, and no inmate bearing Petitioner's name is listed on the Department's website.

Petitioner is responsible for providing the Court with a valid current address.  Petitioner has now twice failed to do so.  Local Rule 182(f) provides that when a pro se party has failed to provide the Court with a valid address, service at the provided address shall be fully effective.

Accordingly, the Court hereby DISMISSES this matter, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated: __**January 5, 2015**__        ___/s/ Lawrence J. O'Neill___
                                        UNITED STATES DISTRICT JUDGE

3