1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUIS ALBERTO VALENCIA PINEDA,,        No.  1:13-cv-01864-NONE-SAB (HC)

12                    Petitioner,

13          v.                              ORDER DENYING PETITIONER'S MOTION
                                            FOR RELIEF FROM JUDGMENT AND
14    CONNIE GIPSON,                        DIRECTING CLERK OF COURT TO
                                            AMEND CAPTION
15                    Respondent.
                                            (Doc. No. 28)
16

17

18          Petitioner Luis Alberto Valencia Pineda is a state prisoner who filed a petition for writ of

19    habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Back on January 5, 2015, the court

20    dismissed the petition without prejudice due to petitioner's failure to prosecute and entered

21    judgment.  (Doc. Nos. 25, 26.)  Over five years after judgment was entered, on March 9, 2020,

22    the court received the instant motion for relief from judgment.  (Doc. No. 28.)  Therein, petitioner

23    seeks relief from judgment because, he contends, he never received notice of the court's dismissal

24    of his petition and thus, the judgment is void.  (Id. at 1.)  For the reasons discussed below, the

25    court will deny petitioner's motion for relief from judgment.

26    /////

27    /////

28    /////

                                            1

**DISCUSSION**

**A.      Brief Background on Petitioner's Identification**

When commencing this action, petitioner provided his name as "Luis Alberto Valencia" and his prisoner number as G-15342.  (Doc. No. 1 at 1.)  According to the inmate locator service of the California Department of Corrections and Rehabilitation ("CDCR"), the prisoner number G-15342 currently belongs to a "Luis Ernesto Pineda."[1]  Throughout this proceeding, and as discussed below, various court documents were returned to the court by the U.S. Postal Service as undeliverable because petitioner's name and prisoner number did not match.  In his  motion for relief from judgment, petitioner refers to himself for the first time in this action as "Luis Alberto Valencia/Pineda."  (Doc. No. 28 at 1.)  Accordingly, the caption of this case will be amended to reflect this name change.

**B.      Motion for Relief from Judgment**

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the

---

[1]  Public Inmate Locator System, California Department of Corrections and Rehabilitation, https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=G15342 (last visited Apr. 10, 2020).

1   proceeding." Fed. R. Civ. P. 60(c)(1).

2        Because petitioner argues the court's judgment is void, the court will address whether he

3   is entitled to relief under Rule 60(b)(4).[2]

4
> Federal Rule of Civil Procedure 60(b)(4) provides relief from a final

5
> judgment if it is void as a matter of law.  The list of such judgments
> is "exceedingly short," and "Rule 60(b)(4) applies only in the rare

6
> instance where a judgment is premised either on a certain type of
> jurisdictional error or on a violation of due process that deprives a

7
> party of notice or the opportunity to be heard." United Student Aid
> Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

8   *Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015), *aff'd*, ___U.S.___,136 S. Ct. 1885 (2016).

9        Here, petitioner argues that because the court failed to provide him notice of its intent to

10   dismiss his petition, the order of dismissal for failure to prosecute should be deemed void and the

11   case reopened for consideration on the merits.  (Doc. No. 28 at 2).

12
> It is true, of course, that "the fundamental requirement of due process

13
> is an opportunity to be heard upon such notice and proceedings as
> are adequate to safeguard the right for which the constitutional

14
> protection is invoked." Anderson National Bank v. Luckett, 321 U.S.
> 233, 246 [(1944)].  But this does not mean that every order entered

15
> without notice and a preliminary adversary hearing offends due
> process. The adequacy of notice and hearing respecting proceedings

16
> that may affect a party's rights turns, to a considerable extent, on the
> knowledge which the circumstances show such party may be taken

17
> to have of the consequences of his own conduct.

18   *Link v. Wabash R. Co*., 370 U.S. 626, 632 (1962).  Thus, "when circumstances make such action

19   appropriate, a District Court may dismiss a complaint for failure to prosecute even without

20   affording notice of its intention to do so or providing an adversary hearing before acting."  *Id.*

21   Accordingly, the court will review the circumstances surrounding the court's dismissal of the

22   petition for lack of prosecution to determine whether the dismissal of the action under the

23

---

24   [2]  Petitioner filed the instant motion for relief from judgment more than five years after judgment

25   was entered in this case, and thus, relief is not available to him pursuant to Rule 60(b)(1)–(3).
Additionally, Rule 60(b)(5) is not implicated, and "the long-standing rule in this circuit is that,

26   'clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6)
must be for some reason other than the five reasons preceding it under the rule.'" *Lyon v. Agusta*

27   *S.P.A.*, 252 F.3d 1078, 1088–89 (9th Cir. 2001) (quoting *Molloy v. Wilson*, 878 F.2d 313, 316
(9th Cir. 1989)); *see also Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847, 863 & n.11

28   (1988).

circumstances presented violated due process.

Petitioner first filed the petition commencing this action on November 18, 2013.  (Doc. No. 1.)  Petitioner represented that his place of confinement at that time was the California State Prison, Corcoran ("CSP Corcoran") and he provided a corresponding mailing address as his address of record.  (Id. at 1.)  On January 9, 2014, the assigned magistrate judge struck petitioner's unexhausted claim and granted petitioner's motion for stay and abeyance.  (Doc. No. 7.)  Following the California Supreme Court's denial of his state habeas petition, petitioner filed an amended federal habeas petition on July 31, 2014 and again listed CSP Corcoran as his place of confinement. (Doc. No. 18 at 1.)

On August 20, 2014, the assigned magistrate judge issued findings and recommendations recommending dismissal of petitioner's second ground for relief because it did not state a legally cognizable claim and also recommended that petitioner be allowed to proceed on his remaining claims for relief.  (Doc. No. 19.)  The findings and recommendations were mailed to petitioner but were returned to the court by the U.S. Postal Service as undeliverable because petitioner's name and identification number did not match a known inmate incarcerated at CSP Corcoran. Petitioner neither filed objections to the findings and recommendations nor provided the court with a correct address of record and, accordingly, the court adopted the findings and recommendation on October 28, 2014.  (Doc. No. 20.)

Because Local Rule 183 required petitioner to notify the court of a current address of record within sixty-three days of mail being returned to the court, on November 18, 2014, the assigned magistrate judge recommended that the petition be dismissed without prejudice due to petitioner's failure to prosecute when petitioner failed to notify the court of his current address. (Doc. No. 21.)  Those findings and recommendations were mailed to the last known address provided to the court by petitioner, and stated that the previous findings and recommendations were returned to the court as undeliverable because name and identification number did not match, and were successfully delivered.  On November 24, 2014, petitioner advised the court that his address had not changed and that he could not explain why the August 20, 2014 findings and recommendation were not delivered to him.  (Doc. No. 22 at 2.)  Petitioner requested that the

4

1   court set aside the order adopting the findings and recommendations and reopen his time in which

2   to file objections to the August 20, 2014 findings and recommendations.  (Id. at 1.)

3       On December 1, 2014, the court dismissed the November 18, 2014 findings and

4   recommendations, vacated its October 28, 2014 order adopting findings and recommendations,

5   and reopened petitioner's objection period with respect to the August 20, 2014 findings and

6   recommendations for thirty days.  (Doc. Nos. 23, 24.)  However, when the Clerk of Court

7   attempted to serve petitioner with copies of the December 1, 2014 order and the August 20, 2014

8   findings and recommendations, the mail was once again returned to the court by the U.S. Postal

9   Service as undeliverable because petitioner's name and prison number did not match a known

10  inmate incarcerated at CSP Corcoran.

11      Although not required to do so, the court consulted CDCR's inmate locator service.  As

12  mentioned, petitioner had provided the court with the identification number associated with an

13  inmate having a different name, and no inmate bearing petitioner's name, as he provided it to the

14  court, was listed on the CDCR's website.  (Doc. No. 25 at 2 n.2.)  Petitioner therefore had still

15  failed to provide the court with a valid current address.  Local Rule 182(f) provides that when a

16  pro se party has failed to provide the court with a valid address, service to the party's address of

17  record shall be fully effective.  Therefore, the court dismissed this action without prejudice for

18  failure to prosecute on January 5, 2015.  (Doc. No. 25 at 3.)

19      Petitioner now, over five years after that dismissal, argues that the dismissal violated his

20  right to due process because the court failed to give him adequate notice.  However, the Supreme

21  Court has recognized that "the absence of notice as to the possibility of dismissal or the failure to

22  hold an adversary hearing" does not necessarily render such a dismissal void.  Link, 370 U.S. at

23  632.  In the instant case, petitioner was made aware that findings and recommendations mailed to

24  him were returned to the court as undeliverable because his name and identification number did

25  not match.  Nonetheless, petitioner did not provide the court with updated or corrected

26  information regarding his name, identification number, or address.  The court consulted the

27  CDCR's inmate locator service but could not locate any inmate bearing petitioner's name, and the

28  identification number provided by petitioner was associated with an inmate with a different name.

5

1    Given these circumstances, and in light of Local Rules 182(f) and 183(b),[3]  the court

2    finds that the dismissal of this action over five years ago did not violate due process.  *See Link*,

3    370 U.S. at 633 ("[W]hen circumstances make such an action appropriate, a District Court may

4    dismiss a complaint for failure to prosecute even without affording notice of its intention to do so

5    or providing an adversary hearing before acting.  Whether such an order can stand on appeal

6    depends . . . on whether it was within the permissible range of the court's discretion."); *Carey v.*

7    *King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (holding that the district court did not abuse its

8    discretion in dismissing pro se plaintiff's action for failure to keep the court apprised of his

9    correct address).  Accordingly, because the judgment in this case was not premised on a violation

10    of due process and thus is not void, petitioner is not entitled to relief pursuant to Rule 60(b)(4).

11    **C.      Certificate of Appealability**

12    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

13    district court's denial of relief, and an appeal is only allowed in certain circumstances.  *Miller-El*

14    *v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  The Ninth Circuit has held that a

15    certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from

16    judgment arising out of the denial of a section 2255 motion."  *United States v. Winkles*, 795 F.3d

17    1134, 1142 (9th Cir. 2015).  If a court denies a Rule 60(b) motion in a § 2255 proceeding, a

18    certificate of appealability should only issue if "(1) jurists of reason would find it debatable

19    _____

20    [3]  Local Rule 182(f) provides in pertinent part:

21           Each appearing attorney and pro se party is under a continuing duty
             to notify the Clerk and all other parties of any change of address or
22           telephone number of the attorney or the pro se party. Absent such
             notice, service of documents at the prior address of the attorney or
23           pro se party shall be fully effective.

24    Local Rule 183(b) provides:

25           A party appearing in propria persona shall keep the Court and
             opposing parties advised as to his or her current address. If mail
26           directed to a plaintiff in propria persona by the Clerk is returned by
             the U.S. Postal Service, and if such plaintiff fails to notify the Court
27           and opposing parties within sixty-three (63) days thereafter of a
             current address, the Court may dismiss the action without prejudice
28           for failure to prosecute.

whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *Winkles*, 795 F.3d at 1143. "Given that [§] 2255 'was intended to mirror § 2254 in operative effect,' and that the language used in sections 2253(c)(1)(A) and (c)(1)(B) is functionally identical," *id.* at 1141 (citations omitted), the court applies the standard set forth in Winkles to determine whether a certificate of appealability should issue regarding the denial of petitioner's Rule 60(b) motion for relief from judgment arising out of the denial of his § 2254 petition. *See Payton v. Davis*, 906 F.3d 812, 818 n.8 (9th Cir. 2018) (recognizing that the analysis in Winkles applies to a motion for relief from judgment arising from the denial of a § 2254 petition).

Here, the court finds that jurists of reason would not find it debatable whether the court abused its discretion in denying the Rule 60(b) motion for relief from judgment. Because both prongs of the Winkles standard must be satisfied and petitioner has failed to satisfy the first one, he is not entitled to a certificate of appealability.

Accordingly:

1.      Petitioner's motion for relief from judgment (Doc. No. 28) is denied;

2.      The Clerk of Court is directed to amend the caption to reflect Luis Alberto Valencia Pineda as the petitioner in this case; and

3.      The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 15, 2020**                    _____

UNITED STATES DISTRICT JUDGE